IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COTRELL T. KNIGHT, and PHYLLIS MARIE KNIGHT, | **8:22CV41** |
| Petitioners, | |
| vs. | **MEMORANDUM AND ORDER** |
| TAGGART BOYD, | |
| Respondent. | |

This matter is before me for initial review of a habeas corpus petition under 28 U.S.C. § 2254 filed on behalf of Petitioner Cotrell T. Knight ("Knight") by his mother, Phyllis Marie Knight ("Ms. Knight"). As a preliminary matter, I note that Ms. Knight filed the initial Petition (filing 1) on February 4, 2022, and subsequently filed an Amended Petition (filing 5) on March 23, 2022. For purposes of this initial review, I will consider the Amended Petition (filing 5) as supplemental to the initial Petition (filing 1) (hereinafter collectively "the petition"). *See* NECivR 15.1(b) (court may consider pro se litigants' amended pleadings as supplemental to, rather than as superseding, the original).

This is the fourth habeas petition that Ms. Knight has filed on behalf of her son, Knight, in this court attacking Knight's 2017 conviction in the District Court of Douglas County Nebraska. *See Knight et al v. Madsen*, No. 8:18-cv-00347-RGK-PRSE (D. Neb. Nov. 1, 2018) (Filing 11, dismissing petition without prejudice for lack of standing); *Knight v. Madsen*, No. 8:18-cv-00579-RGK-PRSE (D. Neb. Jan. 23, 2019) (dismissed without prejudice for failure to pay filing fee or move to proceed in forma pauperis); *Knight v. Lewien*, No. 8:19-cv-00224-RGK-PRSE (D. Neb. April 17, 2020) (dismissing petition without prejudice for lack of standing). As I concluded in Case Nos. 8:18CV347 and 8:19CV224, Ms. Knight has failed to demonstrate that she is entitled to maintain the present habeas action

on Knight's behalf, and I therefore will dismiss the petition without prejudice for lack of standing.

In order to bring a habeas corpus petition on behalf of another person the party purporting to act for a convicted defendant must show (at least) the following two things:

1. The real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself.

2. The party purporting to act for the real party is dedicated to the best interests of the real party.

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

There has been no showing that any of these factors exist. Ms. Knight signed the petition, and where the Form AO 241 petition asked, "If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition," she wrote:

> The petitioner is Mother and Legal Owner of the Bond and Body of the Captured and Injured Indigenous Person Cotrell Thevaughn Lillard Knight birth from the Womb of Phyllis Marie Knight aka Dr. Phyllis Marie Knight Bey a pure and Natural Person of the Five Indigenous Indian Tribes from the unincorporated State of Uriah, Alabama otherly known as Butterfork, Maros before it was settled by the Europeans and First Family to "Coretta Scott King"[.]

(Filing 1 at CM/ECF p. 15; Filing 5 at CM/ECF p. 15.) Ms. Knight also makes vague allegations that Knight was critically injured in late December 2021[1] and

---

[1] The petition actually states Knight was injured in December "2022" which I assume is a typo. (Filing 5 at CM/ECF p. 20.)

2

was in an "induced coma" but that Knight called her "approximately an hour or so later" describing what had been done to him. (Filing 5 at CM/ECF p. 20 (spelling corrected).) Nothing in these allegations or elsewhere in the petition suggests that Knight was, or is presently, incapable of bringing this habeas petition on his own behalf.[2]

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). No matter what standard is applied, Petitioner has failed to make the requisite showing. Accordingly, I will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filings 1 & 5) is denied and dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

Dated this 16th day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[2] I note, for the sake of completeness, that the public inmate records of the Nebraska Department of Correctional Services show that Knight was released on parole on March 29, 2022. *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.html.